# EXHIBIT # 1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5:10-cv-00147-Oc-32GRJ |
| | ) | |
| v. | ) | |
| | ) | |
| FRANCK'S LAB, INC., | ) | DECLARATION OF |
| d.b.a. FRANCK'S COMPOUNDING LAB, | ) | DR. ROBERT C. SAUNDERS, DVM |
| a corporation, and | ) | |
| PAUL W. FRANCK, an individual | ) | |
| | ) | |
| Defendants. | ) | |

DRAFT

FOR REVIEW ONLY

I, Dr. Robert C. Saunders, declare as follows:

1. I am a Doctor of Veterinary Medicine, having received my degree from the University of California at Davis in 1969. I have been in active practice since that time.

2. I operate a veterinary practice in Santa Barbara, California, and have practiced veterinary medicine for over forty years. My practice is primarily for large animals, including horses and some farm animals. I do not generally treat small animals.

3. I have used Franck's Pharmacy ("Franck's") in Ocala, Florida on several occasions in the past to fill prescriptions for patients of mine. Franck's is one of several compounding pharmacies I use to fill such prescriptions.

4. On or about Monday, July 12, 2010, I received a call from a client who operates a non-profit horse sanctuary on Ojai, California. The client reported to me that a male horse on the sanctuary, whom I have treated for years, was experiencing soreness and was suffering some synovial swelling.

5. I recommended that my client look on-line for a brand name drug called Adequan, an injectable polysufated glycosaminoglycan anti-inflammatory medication that I believed was appropriate for the patient's needs.

6. My client informed me that her searches on-line for Adequan revealed to her that she could not afford the cost of the dosage of Adequan that I would have prescribed for this patient. My client informed me that one of the websites she visited searching for Adequan was that of Franck's Pharmacy. I have previously prescribed medication from Franck's to patients under this client's care, and I am aware that this client was familiar with Franck's from those prior purchases.

7. I advised my client that N-acetyl-D-glucosamine, or "acetyl-D" would be a suitable alternative treatment for this patient. Acetyl-D is also an anti-inflammatory medication.

8. I then called Franck's Pharmacy in Ocala, Florida, and prescribed a 100cc vial of acetyl-D-glucosamine for intramuscular administration for this patient. I specifically requested an injectable formulation of acetyl-D, as I was unsure if this particular patient would take an orally-administered formulation. Additionally, the injectable acetyl-D is less expensive than the oral formulation.

9. My client separately called Franck's with payment information. Later that day, my client called me and said that, at her request, the Franck's pharmacist had recommended some alternative compound formulations, and asked me to participate in another call with her and the pharmacist, whose name was ____. That call also took place on or about July 12, 2010. During the call the Franck's pharmacist described other drugs that he could compound to treat my patient. These alternative drugs would have been injected intra-articularly, i.e., directly into

2

the joints. I explained to the pharmacist that I specifically wanted the originally prescribed, intra-muscular injectable formulation, and not an intra-articular injectable.

10. Franck's filled the original prescription on or about July 14, 2010.

11. Pursuant to 21 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____, 2010

DRAFT

FOR REVIEW ONLY XXXXXXXXXXX
_____
DR. ROBERT C. SAUNDERS, DVM

Santa Barbara, California

3