## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FRANCK'S LAB, INC., d/b/a<br>FRANCK'S COMPOUNDING LAB,<br>a corporation, and<br>PAUL W. FRANCK, an individual<br><br>Defendants. | Civil Action No. 5:10-CV-00147-TJC |

## DEFENDANTS' ANSWER AND AFFIRMATIVE
## DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants Franck's Lab, Inc., d/b/a Franck's Compounding Lab, and Paul W.

Franck (collectively "Franck's") hereby file their Answer to Plaintiff's Complaint for

Permanent Injunction as follows:

## PRELIMINARY STATEMENT

Pursuant to Federal Rule of Civil Procedure 8(b)(5), any averment in the Complaint

as to which Franck's denies knowledge or information sufficient to form a belief as to its

truth shall be deemed denied, unless otherwise stated.  Franck's hereby denies any averment

in the Complaint that it does not specifically admit.

Franck's Answer is set forth in numbered paragraphs that correspond to the numbered

paragraphs in the Complaint.  Franck's has not answered any averment or characterization

that is or may be contained in the headings in the Complaint, and Franck's shall not be

deemed to have admitted the truth or accuracy of any of the information, allegations, or characterizations set forth in the headings in the Complaint.

1.     Franck's admits that Plaintiff, the United States of America on behalf of the United States Food and Drug Administration ("FDA"), has brought this proceeding seeking relief under the Federal Food, Drug, and Cosmetic Act ("FDCA") described in Paragraph 1 but denies that Plaintiff is entitled to relief.

2.     Admitted.

3.     Admitted.

4.     Franck's admits the allegation in the first sentence of Paragraph 4. Franck's admits that it is a retail pharmacy that compounds and distributes medications for both humans and non-food producing animals. Franck's admits that it is licensed as a retail pharmacy in Florida by the Florida State Board of Pharmacy; that it currently holds licenses with state boards of pharmacy in all 47 states that require a license to dispense compounded medications; and that it is authorized to dispense compounded medications in each of the 50 states. Franck's admits that before FDA filed this injunction action in April 2010, Franck's provided full-time employment to approximately 65 individuals. Franck's further states that FDA's filing of this action subsequently forced Franck's to lay off 25 employees and that it currently employs approximately 40 individuals. Franck's admits that in 2009, it had annual gross sales of approximately $9 million, $3.8 million from its veterinary compounding practice. Franck's admits that from February 2009 through December 2009, it filled over 37,000 prescriptions to be used to treat non-food producing animals. Franck's denies that it manufactures drugs. Franck's denies the remaining allegations contained in Paragraph 4.

5.      Franck's admits that it compounds the majority of its animal medications from bulk active pharmaceutical ingredients ("API").  Franck's denies that it manufactures drugs. The allegations contained in the second sentence of Paragraph 5 consist of legal conclusions to which no response is required.  To the extent the allegations purport to characterize the regulatory requirements, the regulation speaks for itself and is the best evidence of its contents and, therefore, no response is required.  Franck's admits the allegations in the last sentence of Paragraph 5.

6.      Franck's admits that Paul W. Franck is the owner and Chief Executive Officer of Franck's.  Franck's admits that Mr. Franck is involved in Franck's day-to-day activities, and is responsible for providing final decisions concerning its operations.  Franck's admits that Mr. Franck maintains an office and performs his duties as Franck's owner and Chief Executive Officer at 1210 SW 33rd Avenue, Ocala, Florida.  Franck's admits that Mr. Franck was present during the FDA inspections of Franck's that occurred September 29 through October 4, 2004; May 4 through May 20, 2009; June 18 through June 23, 2009; and December 1 through December 4, 2009.

7.      Franck's admits that it maintains a website at www.francks.com.  Franck's admits that its customers can place orders online for compounded animal medications.

8.      Franck's admits that it is engaged in compounding and distributing medications for non-food producing animals.  Franck's denies that it manufactures drugs. The remaining allegations in Paragraph 8 consist of legal conclusions to which no response is required.  To the extent the allegations purport to characterize the statutory requirements, the statute speaks for itself and is the best evidence of its contents and, therefore, no response is

3

required.  To the extent a response is required, Franck's denies the remaining allegations contained in Paragraph 8.

9.      Franck's admits that it receives bulk API from suppliers outside the state of Florida.  Franck's admits that it compounds animal medications that are distributed in the state of Florida or introduced into interstate commerce for shipment and distribution to customers across the United States.  Franck's denies that it manufactures drugs.  Franck's denies the remaining allegations contained in Paragraph 9.

10.      Franck's admits that none of its compounded medications is the subject of an approved new animal drug application, an abbreviated new animal drug application, a conditional approval, or a relevant index listing for minor species, or meets the requirements for an investigational new drug exemption.  The remaining allegations in Paragraph 10 consist of legal conclusions to which no response is required.  To the extent the allegations purport to characterize the statutory requirements, the statute speaks for itself and is the best evidence of its contents and, therefore, no response is required.  To the extent a response is required, Franck's denies the remaining allegations contained in Paragraph 10.

11.      The allegations in Paragraph 11 consist of legal conclusions to which no response is required.  To the extent a response is required, Franck's denies that the narrow definition of compounding contained in Paragraph 11 is a complete and accurate definition of compounding.  Franck's denies that the language quoted from Thompson v. Western States Medical Center, 535 U.S. 357 (2002), constitutes a legal definition of compounding.  To the extent the allegations purport to characterize the Supreme Court's decision in Thompson v. Western States Medical Center, 535 U.S. 357 (2002), the decision speaks for itself and is the

4

best evidence of its contents.  The definition of compounding under Florida law is set forth in the *Florida Administrative Code Annotated* Rule 64B16-27.700.  Franck's admits that traditional uses for compounding include, but are not limited to, flavoring medications and altering dosage strength or dosage form for a particular patient's needs.

12.    The first and second sentences in Paragraph 12 consist of a legal conclusion to which no response is required.  To the extent the allegations purport to characterize the statutory requirements, the statute speaks for itself and is the best evidence of its contents and, therefore, no response is required.  To the extent a response is required, Franck's denies the allegations contained in these sentences.  Franck's admits that it maintains a website at www.francks.com.  Franck's admits that before its May 2010 voluntary suspension of its veterinary compounding practices, Franck's website (www.francks.com) included a product catalogue relating to its veterinary compounding practice.  Franck's admits that the product list when available consisted of four categories: (1) drug name; (2) trade name; (3) drug classification; and (4) forms available.  Franck's denies that the product list, when available on its website, indicated that Franck's was compounding "drugs" within the meaning of the FDCA or that Franck's was willing to compound commercially available drugs.   Franck's admits that its veterinary catalogue when available stated that "Franck's Compounding Lab is the nation's premiere compounder."  Franck's admits that its website states that "Franck's Compounding Lab specializes in compounded medications."  Franck's denies the remaining allegations contained in Paragraph 12.

13.    The allegations in Paragraph 13 consist of legal conclusions to which no response is required.  To the extent the allegations purport to characterize the statutory

requirements, the statute speaks for itself and is the best evidence of its contents and, therefore, no response is required.

14.     The allegations in Paragraph 14 consist of legal conclusions to which no response is required.  To the extent the allegations purport to characterize the statutory requirements, the statute speaks for itself and is the best evidence of its contents and, therefore, no response is required.  To the extent a response is required, Franck's denies the allegations contained in Paragraph 14.

15.     The allegations in Paragraph 15 consist of legal conclusions to which no response is required.  To the extent the allegations purport to characterize the statutory and regulatory requirements, the statute and regulation speak for themselves and are the best evidence of their contents and, therefore, no response is required.

16.     Franck's admits that, in 2003, FDA published Compliance Policy Guide 608.400, entitled "Compounding of Drugs for Use in Animals."  The remaining allegations in Paragraph 16 consist of legal conclusions to which no response is required.  To the extent the allegations purport to characterize the FDA's Compliance Policy Guide, the document speaks for itself and is the best evidence of its contents and, therefore, no response is required.

17.     The allegations in Paragraph 17 consist of legal conclusions to which no response is required.  To the extent the allegations purport to characterize the statutory requirements, the statute speaks for itself and is the best evidence of its contents and, therefore, no response is required.

18.     The allegations in Paragraph 18 consist of legal conclusions to which no response is required.  To the extent the allegations purport to characterize the statutory and

regulatory requirements, the statute and regulation speak for themselves and are the best evidence of their contents and, therefore, no response is required.

19.     The allegations in Paragraph 19 consist of legal conclusions to which no response is required.  To the extent the allegations purport to characterize the statutory and regulatory requirements, the statute and regulation speak for themselves and are the best evidence of their contents and, therefore, no response is required.

20.     Franck's admits that none of its compounded medications for non-food producing animals is the subject of an approved new animal drug application, an abbreviated new animal drug application, a conditional approval, or a relevant index listing for minor species, and or meets the requirements for an investigational new drug exemption.  Franck's admits that it compounds the majority of its compounded medications for non-food producing animals from bulk API.  The remaining allegations in Paragraph 20 consist of a legal conclusion to which no response is required.  To the extent the allegations purport to characterize the statutory requirements, the statute speaks for itself and is the best evidence of its contents and, therefore, no response is required.  To the extent a response is required, Franck's denies the allegations contained in Paragraph 20.

21.     The allegations in Paragraph 21 consist of legal conclusions to which no response is required.  To the extent the allegations purport to characterize the statutory and regulatory requirements, the statute and regulation speak for themselves and are the best evidence of their contents and, therefore, no response is required.

22.     The allegations in Paragraph 22 consist of legal conclusions to which no response is required.  To the extent the allegations purport to characterize the statutory

requirements, the statute speaks for itself and is the best evidence of its contents and, therefore, no response is required. To the extent a response is required, Franck's denies the allegations contained in Paragraph 22.

23.    Franck's admits that it compounds animal medications that are distributed to customers across the United States, including Kentucky, Virginia, California, Illinois, Pennsylvania, Texas, Missouri, Tennessee and New York.

24.    Franck's admits that it purchases and receives bulk API from suppliers outside the state of Florida, including Texas and Minnesota.

25.    Franck's admits that it compounded a preparation based on an incorrect formulation due to a mathematical error that was twice verified with the prescribing veterinarian's office and admits that on April 19, 2009, in Wellington, Florida, 21 polo horses died after being administered the preparation. Franck's admits that on May 4, 2009, FDA commenced an inspection of Franck's that ended on May 20, 2009. Franck's admits that on June 18, 2009, FDA commenced an inspection of Franck's that ended on June 23, 2009. Franck's admits that on December 1, 2009, FDA commenced an inspection of Franck's that ended on December 4, 2009. Franck's denies the remaining allegations contained in Paragraph 25.

26.    The allegations in Paragraph 26 consist of legal conclusions to which no response is required. To the extent a response is required, Franck's denies the allegations contained in Paragraph 26.

27.    Franck's admits that FDA conducted an inspection of Franck's from September 29, 2004 through October 4, 2004. Franck's admits that it compounds the

majority of its animal medications from bulk API and distributes such medications in interstate commerce to customers across the United States.  Franck's admits that on January 10, 2005, FDA issued a warning letter to Franck's.  To the extent the remaining allegations purport to characterize the January 10, 2005 letter, the letter speaks for itself and is the best evidence of its contents and, therefore, no response is required.  To the extent a response is required, Franck's denies the remaining allegations contained in Paragraph 27.

28.     Franck's admits that it responded to FDA's January 10, 2005 warning letter in a letter dated January 27, 2005.  To the extent the remaining allegations purport to characterize the January 27, 2005 letter, the letter speaks for itself and is the best evidence of its contents and, therefore, no response is required.

29.     The first sentence in Paragraph 29 consists of a legal conclusion to which no response is required.  To the extent a response is required, Franck's denies that its compounding practices violate the law, or that the "notice" described in Paragraph 29 constitutes legally adequate notice.  Franck's admits that FDA inspected its compounding lab from September 29, 2004 through October 4, 2004.  Franck's admits FDA issued a Form-483 with a single observation, and that FDA issued a warning letter on January 10, 2005. Franck's admits that a conversation occurred with an FDA investigator.  Franck's denies the remaining allegations in Paragraph 29 characterizing the content of the conversation.

30.     The allegations in Paragraph 30 consist of legal conclusions to which no response is required.  To the extent a response is required, Franck's denies the allegations contained in Paragraph 30.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

FDA's claims are barred, in whole or in part, because FDA has not been delegated statutory authority to bring an enforcement action prohibiting compounding of animal medications from bulk API, and has not been delegated authority to regulate traditional pharmacy compounding of medications used to treat non-food producing animals.

## THIRD AFFIRMATIVE DEFENSE

FDA's claims are barred, in whole or in part, because they impermissibly intrude on an area of traditional state regulation.

## FOURTH AFFIRMATIVE DEFENSE

FDA's claims are barred, in whole or in part, because FDA is seeking to enforce a binding rule that has not been properly promulgated through required notice and comment rulemaking proceedings.

## FIFTH AFFIRMATIVE DEFENSE

FDA's claims are barred, in whole or in part, because this enforcement action is arbitrary, capricious, and contrary to law.

## SIXTH AFFIRMATIVE DEFENSE

FDA's claims are barred, in whole or in part, because FDA is improperly and without legal basis imposing a substantial financial burden on Franck's, interfering with Franck's reasonable investment backed expectations, and unfairly shutting down Franck's veterinary compounding practice.

## SEVENTH AFFIRMATIVE DEFENSE

FDA's claims are barred, in whole or in part, because FDA did not provide legally adequate notice to Franck's before bringing this enforcement action.

## EIGHTH AFFIRMATIVE DEFENSE

FDA's claims are barred, in whole or in part, because the relief requested in the Complaint would violate the Due Process Clause of the United States Constitution.

## NINTH AFFIRMATIVE DEFENSE

FDA's claims are barred, in whole or in part, because the relief requested in the Complaint would violate the Equal Protection Clause of the United States Constitution.

## TENTH AFFIRMATIVE DEFENSE

FDA's claims are barred, in whole or in part, because the relief requested in the Complaint would violate the First Amendment of the United States Constitution.

## ELEVENTH AFFIRMATIVE DEFENSE

FDA is not entitled to any of the relief requested in the Complaint because FDA has not pleaded the essential elements of a claim for equitable relief.

## TWELFTH AFFIRMATIVE DEFENSE

FDA is not entitled to any of the relief requested in the Complaint because the hardship that would be imposed by such relief is greatly disproportionate to any hardship that the FDA or any other party might suffer in its absence.

## THIRTEENTH AFFIRMATIVE DEFENSE

FDA is not entitled to any of the relief requested in the Complaint because such relief is not in the public interest.

## FOURTEENTH AFFIRMATIVE DEFENSE

FDA's claims are barred, in whole or in part, by the doctrines of laches, waiver, and/or estoppel.

## JURY DEMAND

Franck's hereby invokes its right to trial by jury on all issues that are so triable.


Respectfully submitted,

| | |
|---|---|
| /s/ Mark S. Brown | /s/ Edward L. Birk |
| Mark S. Brown, Esq. | Jeptha F. Barbour |
| Jeffrey S. Bucholtz, Esq. |   Fla. Bar No. 34700 |
| Alan R. Dial, Esq. | Edward L. Birk |
| Ashley C. Parrish, Esq. |   Fla. Bar No. 00684682 |
| KING & SPALDING LLP | Paul E. Bueker |
| 1700 Pennsylvania Ave., N.W., Suite 200 |   Fla. Bar No. 0189405 |
| Washington, D.C.  20006 | MARKSGRAY, P.A. |
| Telephone: (202) 737-0500 | Post Office Box 447 |
| Facsimile: (202) 626-3737 | Jacksonville, FL  32201 |
| Email: mbrown@kslaw.com | Telephone: (904) 807-2179 |
| Email: jbucholtz@kslaw.com | Facsimile: (904) 399-8440 |
| Email: adial@kslaw.com | Email: jbarbour@marksgray.com |
| Email: aparrish@kslaw.com | Email: ebirk@marksgray.com |
| | Email: pbeuker@marksgray.com |

*Counsel for Defendants Franck's Lab, Inc. d/b/a*
*Franck's Compounding Lab and Paul W. Franck*

Dated: September 22, 2010